UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DIANE LEWIS,

               Plaintiff,

      -against-

NUTRACEUTICAL WELLNESS, INC.,

               Defendant.

------------------------------------------------------------------x

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

      Plaintiff Diane Lewis, by her attorneys, Lichten & Bright, P.C., alleges for her complaint against defendant Nutraceutical Wellness, Inc. as follows:

## INTRODUCTION

1.     Plaintiff brings this action to seek relief for sex and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Executive Law §*et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("City Human Rights Law").

2.     Plaintiff is a former employee of defendant who was employed by defendant as a marketing director from on or about April 22, 2019 until she was terminated on or about September 13, 2019.

3.     At the time of her termination, plaintiff was pregnant.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court exists over the Title VII claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f)(3). Supplemental jurisdiction exists over New York State and New York City Human Rights Laws claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2). The defendant resides in this District and a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

5. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on October 21, 2019. A copy of the EEOC charge is annexed as Exhibit 1 to this complaint.

6. On December 4, 2019, the EEOC issued a Notice of Right to Sue to plaintiff in connection with her charge of discrimination. A copy of the Notice of Right to Sue is annexed as Exhibit 2 to this complaint.

7. Pursuant to N.Y.C. Admin. Code § 8-502(c), a copy of this complaint is being served upon the New York City Commission on Human Rights and Corporation Counsel.

## PARTIES

8. Lewis was employed by defendant from on or about April 22, 2019 until her termination on or around September 13, 2019. During the time she was employed by defendant, she was known by her maiden name, Diane Zundel. She currently uses her married name, Diane Lewis. She currently resides in Brooklyn, New York.

9. Defendant Nutraceutical Wellness, Inc. is a Delaware corporation authorized to

2

do business in New York with its principal place of business located at 136 Madison Avenue, 10th floor, New York, NY 10016.   Upon information and belief, defendant does business under the trade or "Doing Business As" name of Nutrafol.

10. At all times relevant to this action, defendant was plaintiff's employer within the meaning of Title VII, the New York State Human Rights Law and the New York City Human Rights Law.

11. Upon information and belief, defendant has approximately one hundred employees.

## FACTS

12. Plaintiff began working for defendant on or about April 22, 2019 as a marketing director (Head of Professional Marketing).

13. On or about September 13, 2019, plaintiff was terminated by defendant.

14. At the time of her termination, plaintiff was approximately ten weeks pregnant and the fact that she was pregnant was visible.

15. Approximately two weeks prior to her termination, plaintiff told a co-worker, Michelle Asleta, that she was pregnant.

16. Approximately one or two weeks prior to her termination, plaintiff presented a slide show on merchandising display ideas at a meeting of defendant's marketing staff, including Sabina Rahaman, Carissa LaGala, Evie Hughes, Rachel Wright, Johnny Stephens, Sophia Kogan and another employee with the first name of Johnnelle.  While scrolling through the images she was presenting to her colleagues, a picture that plaintiff had taken of two home pregnancy test

devices, each indicating a "positive" result, was inadvertently displayed on the screen.

17. At all relevant times, plaintiff's performance as marketing director was satisfactory or better.

18. Neither at the time of her termination nor prior thereto was plaintiff ever told by any manager, executive or any other person working for defendant that her performance was poor or unsatisfactory or needed improvement. To the contrary, the feedback plaintiff received from her hiring manager, John Nippler, and her direct manager, Rachel Wright, regarding her performance prior to the date of her termination was consistently positive and she also received positive feedback about her proposed projects and marketing plans from defendant's co-founders, Giorgos Tsetis and Roland Peralta.

19. On the day that plaintiff was terminated, defendant's Co-Founder and Chief Medical Officer, Sophie Kogan, text messaged plaintiff, telling her that she "didn't know at all" that she was going to be terminated and stated that he "had a feeling" she was pregnant and "was going to ask" her about it.

20. Plaintiff's direct manager, Rachel Wright (defendant's Head of Brand Marketing), also expressed shock and surprise when she found out plaintiff had been terminate, texting her on September 13, 2019 that her termination was "beyond comprehension" and made her "question everything."

21. Plaintiff was terminated because she was pregnant and/or because defendant suspected or believed she was pregnant.

22. The decision to terminate plaintiff because she was pregnant and/or because defendant suspected or believed she was pregnant was made with willful, malicious or reckless

disregard of her statutorily protected rights not to be discriminated against on account of her gender or pregnancy.

## FIRST CAUSE OF ACTION

23. Defendant terminated plaintiff because of her sex and because she was pregnant and/or because defendant suspected or believed she was pregnant, in violation of Title VII, 42 U.S.C. § 2000e-2(a).

24. As a result of defendant's discriminatory conduct, plaintiff has suffered and will continue to suffer monetary damages, mental anguish and humiliation.

25. Defendant engaged in these discriminatory practices willfully, maliciously and with reckless indifference to plaintiff's statutorily protected rights.

## SECOND CAUSE OF ACTION

26. Defendant terminated plaintiff because of her sex and because she was pregnant and/or because defendant suspected or believed she was pregnant, in violation of the New York State Human Rights Law, N.Y. Executive Law § 296(1).

27. As a result of defendant's discriminatory conduct, plaintiff has suffered and will continue to suffer monetary damages, mental anguish and humiliation.

28. Defendant engaged in these discriminatory practices willfully, maliciously and with reckless indifference to plaintiff's statutorily protected rights.

## THIRD CAUSE OF ACTION

29. Defendant terminated plaintiff because of her sex and because she was pregnant and/or because defendant suspected or believed she was pregnant, in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1).

30. As a result of defendant's discriminatory conduct, plaintiff has suffered and will continue to suffer monetary damages, mental anguish and humiliation.

31. Defendant engaged in these discriminatory practices willfully, maliciously and with reckless indifference to plaintiff's statutorily protected rights.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a) awarding compensatory damages in an amount not yet ascertained, on each cause of action, including economic damages and damages for mental anguish and humiliation;

(b) awarding punitive damages in an amount not yet ascertained, on the Title VII and New York City Human Rights Law causes of action;

(c) awarding all other make-whole relief available under the relevant statutes, including back pay and benefits, and front pay, on each cause of action;

(d) declaring that the acts and practices complained of are in violation of Title VII, the New York State Human Rights Law and the New York City Human Rights Law;

(e) awarding plaintiff reasonable attorney's fees and the costs of this action, on each cause of action; and

(f) granting such other and further relief as this Court deems just and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all of the causes of action herein.

Dated: February 10, 2020

                                        LICHTEN & BRIGHT, P.C.

By: _____
       Daniel R. Bright (DB 9373)
       387 Park Avenue South, 5th Floor
       New York, New York 10016
       (646) 588-4871
       Attorneys for Plaintiff Diane Lewis